IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| United States of America, | ) | |
|---|---|---|
| | ) | Case No. 09 CR 50043-1 |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Ronnie Williams, | ) | |
| | ) | Judge Philip G. Reinhard |
| Defendant. | ) | |
| | ) | |

**ORDER**

For the reasons stated below, defendant Ronnie Williams' motion for a reconsideration [36] is denied.

**STATEMENT-OPINION**

On August 17, 2012, the court issued an order denying defendant Ronnie Williams' motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2). *See* [34]. In that Order, the court explained that Amendment 750 was inapplicable to Williams because his sentence of 60 months imprisonment was based upon a statutory mandatory minimum. *Id.* He now asks the court to reconsider that Order. He argues the Supreme Court's decision in *Freeman v. United States*, 131 S.Ct. 2685 (2011) supports his motion. His arguments, however, are without merit.

Federal Rule of Civil Procedure 59(e) allows a district court to entertain "[a] motion to alter or amend a judgment." Fed. R. Civ. P. 59(e). However, Rule 59(e) motions are only used to correct manifest errors of law or fact, to present newly discovered evidence, or to point out an intervening and substantial change in the controlling law. *See Divane v. Krull Elec. Co., Inc.*, 194 F.3d 845, 850 (7th Cir. 1999). A motion under Rule 59(e) "is not an appropriate vehicle for relitigating arguments that the district court previously rejected, or for arguing issues or presenting evidence that could have been raised during the pendency of the motion presently under reconsideration." *Scott v. Bender*, No. 12-C-2148, 2013 WL 2285853 at *3 (N.D. Ill. May 21, 2013) citing (*Sigsworth v. City of Aurora*, 487 F.3d 506, 512 (7th Cir. 2007)).

Williams' motion for reconsideration must be denied for a number of reasons. First, the motion is untimely. Williams asks the court to reconsider an Order issued over a year ago. However, "[o]nly a motion filed within the time for appeal acts as a genuine request for reconsideration." *United States v. Redd*, 630 F.3d 649, 650 (7th Cir. 2011). Federal Rule of

1

Appellate Procedure 4(b) grants litigants 14 days to appeal, Williams waited well past this time to file his motion for reconsideration. *Id.* Thus, his motion is untimely.

That said even if the motion was timely, it would still fail. Williams appears to argue he is entitled to a reduced sentence because the Supreme Court in *Freeman v. United States,* 131 S.Ct. 2685 (2011) determined that if a plea agreement provides a sentencing range that is subsequently lowered by the Sentencing Commission, a defendant is entitled to a reduced sentence. *See* [36] at 5. *Freeman* is inapplicable here because Williams' plea agreement provided that the Government would not recommend "less than the statutory minimum sentence" ([19] at 7) and the Fair Sentencing Act of 2010 does not apply to the mandatory minimum sentences issued before August 3, 2010. *See United States v. Bishawi*, No. 13-2753, 2013 U.S. App. LEXIS 22949 (7th Cir. Nov. 8, 2013) (affirming a district court's order denying a defendant's motion under Section 3582(c)(2) because "persons who received a statutory-minimum sentence before August 3, 2010, cannot receive any benefit from the 2010 Act."). Williams was sentenced on May 21, 2010. [23]. Thus, his sentencing range has not been lowered by the Sentencing Commission and his reliance on *Freeman* is misplaced.

Finally, to the extent Williams intends his motion for reconsideration to constitute a second or successive motion under § 3582(c)(2), his motion fails. "Congress has authorized only one sentence-reduction motion in response to a given change in the Guidelines. Successive motions cannot be used to obtain a chance to make a different or better argument . . . " *United States v. Alexander*, 505 Fed. Appx. 601, 602 (7th Cir. 2013).

For the reasons stated above, defendant Ronnie Williams' motion for reconsideration [36] is denied.

Date: 12/10/2013                  ENTER:

*Philip G. Reinhard*
United States District Court Judge

Notices mailed by Judicial Staff.
(LC)

2